■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARNOLD BLUE, Appellant.— Appeal by defendant, as limited 'by his brief, from two sentences of the County Court, Suffolk County, 'both rendered June 7, 1972, namely, (1) under indictment 232/71, an indeterminate prison term not to exceed four years, upon a conviction for robbery in the third degree, on a plea of guilty, and (2) under indictment 236/71, a term of one year in the Suffolk County Jail, upon a conviction of petit larceny, on a plea of guilty, the sentences to run concurrently. Both sentences affirmed. We exercise our own discretion in this case, based on the probation report and the record on appeal; and we decide that each of the sentences was proper. However, we are of the opinion that the program of the Narcotic Addiction Control Commission (NACC) is a program to 'be used where appropriate and not to be condemned. Each sentencing Judge, in determining whether or not a defendant is eligible for commitment to NACC, should exercise his discretion, with full knowledge and appreciation of the goals and objectives of the program. We disapprove of the blanket condemnation of NACC as contained in the sentencing Judge's statements herein. In our view, each case should be specifically evaluated on its own merits. Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE FITZGERALD, Respondent.— Appeal 'by the People from an order of the Supreme Court, Kings County, Centralized Narcotics Division [held in New York County], dated December 6, 1972, which granted defendant's motion to suppress physical evidence. Order reversed, on the law, and motion denied. We are of the view that the motion should have been denied, 'because the arrest was justifiable on either or both of two theories: probable cause (People v. Corrado, 22 N Y 2d 308, 313; People v. Cox, 28 N Y 2d 752) or abandonment (People v. Berrios, 28 N Y 2d 361). Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUIS MORALES, Appellant.— Appeal 'by defendant from a judgment of the Supreme Court, Kings County, rendered November 1, 1972, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed 20 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a period not to exceed 15 years. As so modified, judgment affirmed. In our opinion, the sentence was excessive to the extent indicated herein. Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Christ, JJ., concur.